UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD A. VENSON,<br><br>                 Plaintiff,<br><br>      v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>                 Defendants. | No.  2:16-cv-2525 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  However, the court will not assess a filing fee at this time.  Instead, the complaint will be summarily dismissed.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

6  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

7  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

8  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

9  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

10  has an arguable legal and factual basis.  Id.

11      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

12  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

13  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

14  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

15  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

16  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

17  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

18  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

19  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

20  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

21  ed. 2004)).

22      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

23  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

24  Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

25  content that allows the court to draw the reasonable inference that the defendant is liable for the

26  misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

27  under this standard, the court must accept as true the allegations of the complaint in question,

28  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III.   Complaint

Based upon the contents of a letter dated May 16, 2016, plaintiff alleges that his privacy rights have been violated as the result of the theft of an unencrypted, password-protected laptop from the personal vehicle of a California Correctional Health Care Services (CCHCS) employee on February 25, 2016. ECF No. 1 at 3-4, 8. The notification stated as follows:

> We do not know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information. If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information. To the extent any sensitive information may have been contained in the laptop, we estimate that it would have been limited to information related to your custody and care, if any, between 1996 and 2014.

Id. at 8. A subsequent letter stated that "we cannot be certain of whether or not information was breached or even located on the laptop." Id. at 10.

Plaintiff alleges that this potential breach constituted an "injury in fact" and violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Id. At 3-4. He asserts that he has suffered an actual injury due to the breach because on June 22, 2015, he received a notice from the Internal Revenue Service (IRS) stating that he owed $842.70 for a tax return he did not submit. Id. at 3, 6-7.

### IV.   Standing

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.1999). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Clapper v. Amnesty Int'l USA, 133

1  S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs
2  'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818
3  (1997))).  To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is
4  concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to
5  the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling.
6  Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v.
7  Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  "The party invoking federal jurisdiction
8  bears the burden of establishing these elements . . . with the manner and degree of evidence
9  required at the successive stages of the litigation."  Lujan, 504 U.S. at 561 (citations omitted).

10       To the extent plaintiff seeks to bring a claim pursuant to HIPAA, which requires the
11  confidentiality of medical records, "HIPAA itself does not provide for a private right of action."
12  Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards
13  for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec.
14  28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a
15  right to court action.")).  However, the Ninth Circuit has held that the constitutional right to
16  informational privacy extends to medical information.  Norman-Bloodsaw v. Lawrence Berkeley
17  Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in
18  avoiding disclosure of personal matters clearly encompasses medical information and its
19  confidentiality.") (citing Doe v. Attorney Gen. of the United States, 941 F.2d 780, 795 (9th Cir.
20  1991)).  In this case, however, the disclosure of plaintiff's medical information, and therefore any
21  injury, is entirely speculative.

22       While potential future harm can in some instances confer standing, plaintiff must face "a
23  credible threat of harm" that is "both real and immediate, not conjectural or hypothetical."
24  Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation
25  marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to
26  contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to
27  confer standing, but that "more conjectural or hypothetical" allegations would make threat "far
28  less credible"); Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must

1  be concrete, particularized, and actual or imminent.") (citation and internal quotation marks
2  omitted).  Plaintiff's allegations are based upon notifications which state that it is unknown
3  whether *any* sensitive information is contained in the laptop and that even if there is sensitive
4  information in the laptop, the scope of the information, including whether any of plaintiff's
5  information is contained therein, is unknown.  ECF No. 1 at 8, 10.  In other words, whether
6  plaintiff's sensitive information has even been compromised is unknown.  Although plaintiff
7  attempts to establish that his identity was stolen as a result of the breach, the evidence he submits
8  cannot support such a finding.  The IRS notification plaintiff submits as proof of his injury is
9  dated June 22, 2015, approximately eight months before the laptop was stolen.  Id. at 6-7.  It is
10 impossible that the theft of the laptop was responsible for any potential identity theft that took
11 place prior to the laptop being stolen.  Plaintiff cannot state a claim for relief based upon the
12 speculative breach of his sensitive information and his claim for violation of his constitutional
13 right to informational privacy should be dismissed without prejudice for lack of standing.  See
14 Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for
15 lack of standing is without prejudice).

16    V.    No Leave to Amend

17        If the court finds that a complaint should be dismissed for failure to state a claim, the court
18 has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-
19 30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
20 defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see
21 also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
22 leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
23 clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
24 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear
25 that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.
26 Cato, 70 F.3d at 1005-06.

27        The undersigned finds that, as set forth above, plaintiff lacks standing and that amendment
28 would be futile because the notification plaintiff bases his allegations on establishes only

speculative injury that is neither real nor immediate.

VI.   Summary

The complaint will be dismissed without prejudice because the facts show only that plaintiff's sensitive information might have been stolen, and the letters he relies on establish that he will not be able to show that his information was actually stolen because it is not known what was on the laptop. Plaintiff's injury is therefore too speculative to support a claim. Plaintiff's attempt to show injury fails because the injury occurred before the laptop was stolen.

In accordance with the above, IT IS HEREBY ORDERED that this action is dismissed without prejudice.

DATED: January 3, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6